**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TIRE PROS FRANCORP, LLC,
a California limited liability company,

        Plaintiff,

      v.

DIAMOND TOWN TIRE PROS & AUTO
CARE, LLC,
a Delaware limited liability company,

        Defendant.

C.A. No. _____

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Tire Pros Francorp, LLC ("Tire Pros"), for its complaint ("Complaint") against

Defendant Diamond Town Tire Pros & Auto Care, LLC ("Defendant"), states as follows:

**<u>SUBSTANCE OF THE ACTION</u>**

1.     Tire Pros seeks damages and injunctive relief against Defendant for breach of

contract, willful trademark infringement, unfair competition, false designation of origin, dilution,

and other deceptive trade practices with respect to Defendant's impersonation of Tire Pros by using

the names "Diamond Town Tire Pros" and "Diamond Town Tire Pros & Auto Care, LLC" in

connection with offering automobile parts and supplies and automobile maintenance and repair

services and other actions that are likely to confuse consumers.  As alleged more fully below,

Defendant's use of a mark that is confusingly similar to Tire Pros' own TIRE PROS® Marks (as

defined hereinafter) poses a likelihood of confusion as to source, authorization, affiliation,

connection, endorsement, or association between Tire Pros and Defendant.  Tire Pros has not

authorized or permitted Defendant to use its TIRE PROS® Marks or any colorable imitations of

its marks in connection with Defendant's competitive automotive products and services.  Unless

addressed by this Court, Defendant's conduct will continue to result in a likelihood of consumer confusion and irreparable injury to Tire Pros.

## PARTIES

2.      Tire Pros Francorp, LLC is a limited liability company organized under the laws of the State of California, with its principal place of business at 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28070.

3.      Diamond Town Tire Pros & Auto Care, LLC is an entity doing business in the State of Delaware, with its principal place of business at 5221 Summit Bridge Road, Middletown, Delaware 19709.

## JURISDICTION AND VENUE

4.      This action arises under the federal trademark statute, 15 U.S.C. § 1051 *et seq.*, and under the statutory laws of the State of Delaware, 6 Del. Code Ann. §§ 2531 *et seq.* and 6 Del. Code Ann. § 3313.

5.      This Court has original jurisdiction over the federal trademark, false advertising, trademark dilution, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  This Court has subject matter jurisdiction over the related Delaware state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6.      This Court has personal jurisdiction over Defendant because Defendant has extensive contacts with and regularly conducts business within Delaware and this judicial district; Defendant has caused its products and/or services to be advertised, promoted, and sold in this judicial district; the claims asserted in this Complaint arise out of Defendant's contacts with this judicial district; and Defendant has caused tortious injury to Tire Pros in this judicial district.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant has extensive contacts with and conducts business within the State of Delaware and this judicial district; Defendant has caused products and/or services to be advertised, promoted, and sold in this judicial district; the claims asserted in this Complaint arise out of Defendant's contacts with this judicial district; and Defendant has caused tortious injury to Tire Pros in this judicial district.

## FACTUAL BACKGROUND

### Tire Pros' Business and the TIRE PROS® Marks

8.      Tire Pros is a leading franchisor of tire and automotive service centers throughout the country. Tire Pros has over 600 franchised TIRE PROS® tire and automotive service centers that operate throughout the United States, including in this judicial district.

9.      Since at least as early as February 1987, Tire Pros has continuously used the highly distinctive trademark TIRE PROS® to market its tire and automotive service centers.

10.     On April 17, 1990, the United States Patent and Trademark Office ("USPTO") issued to Tire Pros' predecessor-in-interest, Tire Pros, Inc., U.S. Trademark Registration No. 1,592,463 for the mark  in connection with "Retail store and distributorship services in the field of tires and automotive supplies" in International Class 42.  A true and correct copy of this registration from the official website of the USPTO showing the current ownership and status of the registration is attached as **Exhibit A**.  All right, title and interest in and to this registration was assigned to Tire Pros on January 18, 1999.

11.     On January 25, 2005, the USPTO issued U.S. Trademark Registration No.



2,920,542 to Tire Pros for the mark                              in connection with

"Maintenance and repair of vehicle tires and wheels" in International Class 37.  A true and correct

copy of this registration from the official website of the USPTO showing the current ownership

and status of the registration is attached as **Exhibit B**.

12.     On February 1, 2005, the USPTO issued U.S. Trademark Registration No.

2,922,337 to Tire Pros for the mark TIRE PROS® in connection with "Maintenance and repair of

vehicle tires and wheels" in International Class 37.  A true and correct copy of this registration

from the official website of the USPTO showing the current ownership and status of the

registration is attached as **Exhibit C**.

13.     On February 1, 2005, the USPTO issued U.S. Trademark Registration No.

2,922,338 to Tire Pros for the mark TIRE PROS® in connection with "Retail store and

distributorship services in the field of tires and automotive supplies" in International Class 35.  A

true and correct copy of this registration from the official website of the USPTO showing the

current ownership and status of the registration is attached as **Exhibit D**.

14.     On April 23, 2019, the USPTO issued U.S. Trademark Registration No. 5,734,959

to Tire Pros for the mark TIRE PROS. HASSLE-FREE. GUARANTEED.® in connection with

"Installation, maintenance, and repair of vehicle tires and wheels; installation of automotive

supplies; automotive maintenance services" in International Class 37.  A true and correct copy of

this registration from the official website of the USPTO showing the current ownership and status

of the registration is attached as **Exhibit E**.

15.     On February 28, 2023, the USPTO issued U.S. Trademark Registration No. 6,992,941 to Tire Pros for the mark TIRE PROS. LOVE THE DRIVE.® in connection with "Installation, maintenance, and repair of vehicle tires and wheels; installation of automotive supplies for diagnostic purposes and for the repair and maintenance of wheels and tires, transmission, drive train, and the engine, fuel, ignition, exhaust, cooling, lubrication, electrical, suspension and steering, and brake systems; automotive maintenance services" in International Class 37.  A true and correct copy of this registration from the official website of the USPTO showing the current ownership and status of the registration is attached as **Exhibit F**.

16.     U.S. Trademark Registration Nos. 1,592,463; 2,920,542; 2,922,337; 2,922,338; 5,734,959; and 6,992,941 are collectively herein referred to as the "TIRE PROS® Marks."  The services identified in Paragraphs 10, 11, 12, 13, 14, and 15 as covered by the TIRE PROS® Marks are collectively referred to herein as the "Tire Pros Services."

17.     The registration for each of the TIRE PROS® Marks is in full force and effect on the USPTO's Principal Register, gives rise to presumption in favor of Tire Pros with respect to validity, ownership, and exclusive rights to use the TIRE PROS® Marks throughout the United States, and has obtained incontestable status under U.S. trademark law pursuant to the provisions of 15 U.S.C. § 1065.

18.     Tire Pros has devoted substantial time, effort, and resources to the development and extensive promotion of the TIRE PROS® Marks and the services offered thereunder.  As a result of Plaintiff's efforts, the public has come to recognize and rely upon the TIRE PROS® Marks as an indication of the superior quality associated with Tire Pros' tire and automotive service centers.

19.     In light of Tire Pros' extensive advertising and substantial sales, the TIRE PROS® Marks have become famous among relevant consumers as identifying the Tire Pros Services.

120152699v1

20.     The TIRE PROS® Marks are an indicator of source and quality of the goods and services provided at Tire Pros retail and service centers throughout the country and enjoy a high degree of consumer recognition.

**Defendant's Unauthorized Use of the TIRE PROS® Marks**

21.     Defendant is engaged in the promotion, sale, and distribution of automobile parts and supplies, including tires and wheels, and the promotion and sale of automobile maintenance and repair services, including maintenance and repair of tires and wheels.

22.     Defendant is a former licensee of Tire Pros. *See* License Agreement attached as **Exhibit G**.

23.     Tire Pros notified Defendant that it was terminating the license relationship in a letter dated July 1, 2022 ("Termination Letter"). *See* Termination Letter attached as **Exhibit H**. Pursuant to section 9.2 of the License Agreement that Defendant's representative signed, termination was effective September 23, 2022, ninety (90) days from the date of Tire Pros' Termination Letter. *See id.*

24.     Pursuant to the License Agreement and as restated in the Termination Letter, upon termination of the license relationship, Defendant was required to immediately discontinue use of Tire Pros' trade names, service marks, trademarks, logos, emblems, and indicia of origin, including the TIRE PROS® Marks, which included, but was not limited to, advertisements, internet websites, social media pages such as Facebook, Twitter, Instagram, and YouTube, point of sale materials, and any other ancillary items (*e.g.*, invoices, business cards, uniforms, etc.) used in the operation of Defendant's tire shop business. Additionally, Defendant was required to de-identify its tire shop business as a TIRE PROS Center, which includes, but is not limited to, removing TIRE PROS® Marks from all buildings, signs, fixtures, and furnishings.

25.     Despite termination of the license relationship, Defendant has continued and is continuing to use the names "Diamond Town Tire Pros and Auto Care, LLC" and "Diamond Town



Tire Pros"; the  mark (the "TIRE PROS and Design Mark") on Defendant's signage; and a stylized TIRE PROS mark (the "Stylized TIRE PROS Mark") in Defendant's advertising and marketing materials (collectively, the "Infringing Marks") in United States commerce. Defendant's use of the TIRE PROS and Design Mark is identical to the style and manner in which Tire Pros uses its mark, namely with TIRE PROS in red and all capital letters that are slightly slanted to the right, all of which has tire tread marks below. See comparison below:

<table>
<tr><td align="center">**Tire Pros' Logo**</td><td align="center">**Defendant's Logo**</td></tr>
<tr><td align="center"></td><td align="center"></td></tr>
</table>

26.     Further, Defendant's use of the Stylized TIRE PROS Mark is nearly identical to the style and manner in which Tire Pros uses its mark, namely with TIRE PROS in red and all capital letters that are slightly slanted to the right.

<table>
<tr><td align="center">**Tire Pros' Stylized Mark**</td><td align="center">**Defendant's Stylized Mark**</td></tr>
<tr><td align="center"></td><td align="center"></td></tr>
</table>

120152699v1

27.   Defendant uses the Infringing Marks in its entity name, Diamond Town Tire Pros and Auto Care, LLC, prominently in signage outside and inside its brick-and-mortar services center, on social media accounts (including Facebook and Yelp), and in other advertising and marketing material, including advertisements through third-party websites, as shown below:



120152699v1



120152699v1



120152699v1



120152699v1



120152699v1



120152699v1



## Diamond Town Tire & Auto Care

4.3 ★★★★★ 253 Google reviews

Small business · Auto repair shop in Middletown, Delaware

🌐 Website    ◆ Directions    🔖 Save    📞 Call

**Address:** 5221 Summit Bridge Rd, Middletown, DE 19709

**Hours:** Closes soon · 5 PM · Opens 8 AM Thu ▾
Confirmed by this business 5 weeks ago

**Phone:** (302) 464-1077

**Products and Services:** diamondtowntireandautocare.com

Suggest an edit · Own this business?

### Popular Times

| MON | TUE | WED | THU | FRI | SAT | SUN |
|-----|-----|-----|-----|-----|-----|-----|

👥 **4 PM:** Usually a little busy

- 14 -







28.     Defendant's use of the Infringing Marks began well after Tire Pros acquired protectable exclusive rights and fame in the TIRE PROS® Marks.

29.     Defendant promotes, sells, and provides services that are identical and/or closely related to the Tire Pros Services in connection with the Infringing Marks.

30.     Defendant promotes, sells, and distributes such services through identical and similar trade channels as those used by Tire Pros, including through its retail and service center.

31.     Defendant promotes, sells, and distributes its services to the same types of customers to whom Tire Pros promotes, sells, and distributes the Tire Pros Services under the TIRE PROS® Marks.

32.     The Infringing Marks that were adopted and used by Defendant are confusingly similar to the TIRE PROS® Marks.

120152699v1

33.     Defendant's use of the Infringing Marks is likely to cause consumer confusion as to the source, authorization, sponsorship, connection, endorsement, or affiliation of Defendant's products and services.

34.     Consumers are likely to believe that Defendant is authorized, approved, sponsored, or endorsed by or otherwise affiliated with Tire Pros, which is false.

35.     Tire Pros has not consented to, sponsored, endorsed, or approved of Defendant's use of the TIRE PROS® Marks or any variations thereof in connection with the sales of automotive-related services.

36.     Defendant has constructive notice of Tire Pros' rights in the TIRE PROS® Marks because of Tire Pros' federal trademark registrations for the TIRE PROS® Marks.

37.     Defendant has actual notice of Tire Pros' rights in the TIRE PROS® Marks from executing the License Agreement and because Tire Pros informed Defendant of its rights in multiple written communications, through counsel, prior to the filing of the instant Complaint. *See* March 21, 2024 Cease and Desist Letter sent to Defendant attached as **Exhibit I**, and April 2, 2024 Cease and Desist Letter sent to Defendant attached as **Exhibit J**.  FedEx Tracking information indicates that each of these cease-and-desist letters was delivered. *See* the true and correct copies of the delivery information available on www.fedex.com for the March 21, 2024 Cease and Desist Letter attached as **Exhibit K** and April 2, 2024 Cease and Desist Letter attached as **Exhibit L**.  At least one of these cease-and-desist letters was signed by Defendant's representative, Mr. Barnes. *See* **Exhibit K**.  However, Defendant has yet to respond to any of Tire Pros' correspondence.

38.     Despite such constructive and actual notice, Defendant has willfully ignored Tire Pros' rights in the TIRE PROS® Marks by continuing to use the Infringing Marks in connection with the promotion, sale, and distribution of Defendant's services.

39.     Defendant continues to use the Infringing Marks knowingly in violation of Tire Pros' trademark rights.

40.     Defendant's continued use of the TIRE PROS® Marks after termination of its license relationship with Tire Pros is in violation of the License Agreement which evidences Defendant's bad faith use of the TIRE PROS® Marks.

41.     Defendant's continued use of the Infringing Marks is willful and deliberate and reflects Defendant's intent to confuse consumers and profit from the goodwill and consumer recognition associated with the TIRE PROS® Marks.

42.     Defendant's failure to comply with Tire Pros' demands demonstrates a deliberate intent to continue to wrongfully compete with Tire Pros and to willfully infringe Tire Pros' rights in the TIRE PROS® Marks.

43.     Defendant's use of the Infringing Marks is causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to Tire Pros and to its valuable reputation and goodwill with the consuming public for which Tire Pros has no adequate remedy at law.

## <u>COUNT ONE</u>
### (Infringement of a Federally Registered Service Mark under 15 U.S.C. § 1114(1)(a))

44.     Tire Pros incorporates the allegations contained in paragraphs 1 through 43 as if fully restated herein.

45.     Tire Pros has been damaged by Defendant's wrongful and unauthorized use of the Infringing Marks in commerce and interstate commerce.

46.     Defendant's use of the Infringing Marks causes a likelihood of consumer confusion, mistake, and deception with the prior TIRE PROS Marks and constitutes an infringing use of the TIRE PROS® Marks in violation of 15 U.S.C. § 1114.

47.     Defendant has committed the foregoing acts of infringement with full knowledge of Tire Pros' prior rights in the TIRE PROS® Marks and with the willful intent to cause confusion and trade on Tire Pros' goodwill.

48.     Defendant's conduct is causing immediate and irreparable harm and injury to Tire Pros, and to its goodwill and reputation, and will continue to both damage Tire Pros and confuse the public unless enjoined by this Court. Tire Pros has no adequate remedy at law. An award of monetary damages alone cannot fully compensate Tire Pros for its injuries.

49.     Tire Pros is entitled to, among other relief, injunctive relief and an award of actual damages and Defendant's profits made on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest. Furthermore, on information and belief, Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Tire Pros to recover additional treble damages and reasonable attorneys' fees, together with prejudgment and post-judgment interest.  *See* 15 U.S.C. §§ 1116, 1117.

## COUNT TWO
### (Federal Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))

50.     Tire Pros incorporates the allegations contained in paragraphs 1 through 49 as if fully restated herein.

51.     Defendant's use of the Infringing Marks violates 15 U.S.C. § 1125(a) because Defendant's use of the Infringing Marks in commercial advertising and promotions misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's services—for example, misrepresenting that Tire Pros endorses or is affiliated with Defendant's services.  Such statements made to consumers are material.

52.     Defendant's use of the Infringing Marks causes a likelihood of confusion, and Tire Pros can properly insist that its reputation should not be imperiled by the acts of another over which Tire Pros has no control.

53.     Defendant's actions and omissions have been and continue to be willful and deliberate, designed to trade upon the consumer goodwill enjoyed by Tire Pros.

54.     Tire Pros' goodwill is of substantial value.  Tire Pros is suffering and will continue to suffer irreparable harm if Defendant's unfair competition as to the Infringing Marks is allowed to continue.

55.     Defendant's acts constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

56.     Defendant's unfair competition will continue unless enjoined by this Court. An award of monetary damages alone cannot fully compensate Tire Pros for its injuries.  Tire Pros lacks an adequate remedy at law.

57.     Tire Pros is entitled to, among other relief, injunctive relief and an award of actual damages and Defendant's profits made on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest. Furthermore, on information and belief, Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Tire Pros to recover additional treble damages and reasonable attorneys' fees, together with prejudgment and post-judgment interest.  *See* 15 U.S.C. §§ 1116, 1117.

## COUNT THREE
### (Federal False Designation of Origin and Passing Off under 15 U.S.C. § 1125(a))

58.     Tire Pros incorporates the allegations contained in paragraphs 1 through 57 as if fully restated herein.

59.     Defendant is likely to cause confusion, mistake or deception as to the source or affiliation of Defendant's services.

60.     Defendant's unauthorized use of the Infringing Marks falsely indicates to consumers that Tire Pros or its agents are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with Defendant, or that Defendant is connected with, sponsored, endorsed, authorized, or approved by or affiliated with Tire Pros.

61.     Defendant's unauthorized use of the Infringing Marks allows Defendant to receive the benefit of Tire Pros' goodwill, which Tire Pros has established at great labor and expense, and allows Defendant to gain acceptance of its goods and services, based not on their own qualities, but on the reputation, investment, hard work, and goodwill of Tire Pros.

62.     Defendant's acts constitute a false designation of origin and passing off in violation of 15 U.S.C. § 1125(a). An award of monetary damages alone cannot fully compensate Tire Pros for its injuries.

63.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Tire Pros, and to its goodwill and reputation, and will continue to both damage Tire Pros and confuse the public unless enjoined by this Court. Tire Pros has no adequate remedy at law.

64.     Tire Pros is entitled to, among other relief, injunctive relief and an award of actual damages and Defendant's profits made on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest. Furthermore, the Defendant's

- 21 -

actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Tire Pros to recover additional treble damages and reasonable attorneys' fees, together with prejudgment and post-judgment interest.  *See* 15 U.S.C. §§ 1116, 1117.

**COUNT FOUR**
**(Federal Trademark Dilution under 15 U.S.C. § 1125(c))**

65.     Tire Pros incorporates the allegations contained in paragraphs 1 through 64 as if fully restated herein.

66.     The TIRE PROS® Marks are inherently distinctive.

67.     By virtue of significant use, advertisement, and promotion of the TIRE PROS® Marks, such marks became famous and well-recognized by the consuming public long before the Defendant's adoption of the Infringing Marks.

68.     Defendant's actions and specifically, without limitation, Defendant's unauthorized use of the Infringing Marks in commerce to advertise, market, and sell automotive products and services commencing long after Tire Pros acquired fame in the distinctive TIRE PROS® Marks are likely to cause dilution by blurring of the TIRE PROS® Mark in violation of 15 U.S.C. § 1125(c).

69.     The Defendant's actions, if not enjoined, will continue. Tire Pros has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the TIRE PROS® Marks, and injury to Tire Pros' business.  Tire Pros is therefore entitled to injunctive relief.  *See* 15 U.S.C. §§ 1116, 1125(c).

70.     The Defendant's actions described above were and continue to be deliberate and willful.  Tire Pros is therefore entitled to recover damages in an amount to be determined at trial,

- 22 -

profits made by Defendant on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest. *See* 15 U.S.C. § 1117.

## COUNT FIVE
### (Common Law Trademark and Trade Name Infringement)

71.     Tire Pros incorporates the allegations contained in paragraphs 1 through 70 as if fully restated herein.

72.     Tire Pros' TIRE PROS® Marks is a trade and/or service mark and trade name.

73.     Tire Pros used the TIRE PROS® Marks prior to the time Defendant commenced its unlawful use of the Infringing Marks in commerce in connection with Defendant's competing services.

74.     Defendant's unlawful use of the Infringing Marks infringes Tire Pros' common law rights in the TIRE PROS® Marks.

## COUNT SIX
### (Unfair Competition, 6 Del. Code Ann. §§ 2531 *et seq.*)

75.     Tire Pros incorporates the allegations contained in paragraphs 1 through 74 as if fully restated herein.

76.     Defendant's actions described above and specifically, without limitation, Defendant's use of the TIRE PROS® Marks, and confusingly similar variations thereof, in commerce to advertise, market, and sell automotive products and services; Defendant's misrepresentations regarding Tire Pros' products and services; and Defendant's knowledge, participation, and inducement thereof, constitute an unfair or deceptive act in the conduct of trade or commerce. Defendant's unfair or deceptive acts have affected the public interest by passing off Defendant's services as those of Tire Pros and causing a likelihood of consumer confusion between Tire Pros' products and services and those products and services of Defendant, as well as using

120152699v1

deceptive designations in connection with Defendant's services and representing that its services have sponsorship and approval that Defendant does not have. Tire Pros has suffered monetary loss of customers and business through Defendant's unfair or deceptive acts, all in violation of the laws of the State of Delaware.

77.     By these unfair or deceptive actions, Defendant has engaged in deceptive and unfair trade practices in violation of 6 Del. Code Ann. §§ 2531 *et seq.*, and, as a result, Tire Pros has suffered and will continue to suffer monetary damage as well as damage to its business, reputation, and goodwill.

78.     As a direct and proximate result of Defendant's willful, knowing, and intentional actions, Tire Pros has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Tire Pros will continue to suffer irreparable damage. Tire Pros is entitled to injunctive relief.  *See* 6 Del. Code Ann. §§ 2531 *et seq.*

79.     The Defendant's actions described above were and continue to be deliberate and willful, and in bad faith.  Tire Pros is entitled to recover the costs of this action and attorneys' fees, together with prejudgment and post-judgment interest.  *See* 6 Del. Code Ann. §§ 2531 *et seq.*

## COUNT SEVEN
### (Trademark Dilution, 6 Del. Code Ann. § 3313)

80.     Tire Pros incorporates the allegations contained in paragraphs 1 through 79 as if fully restated herein.

81.     The TIRE PROS® Marks are inherently distinctive.

82.     By virtue of significant use, advertisement, and promotion of the TIRE PROS® Marks, such marks became famous and well-recognized as of distinctive quality by the consuming public long before Defendant's adoption of the Infringing Marks.

83.     Defendant's actions and specifically, without limitation, Defendant's unauthorized use of the Infringing Marks in commerce to advertise, market, and sell automotive products and services commencing long after Tire Pros acquired fame in the distinctive TIRE PROS® Marks are likely to cause injury to Tire Pros' business reputation and dilution of the distinctive quality of the TIRE PROS® Mark in violation of 6 Del. Code Ann. § 3313.

84.     The Defendant's actions, if not enjoined, will continue. Tire Pros has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the TIRE PROS® Marks, and injury to Tire Pros' business.

85.     Tire Pros is therefore entitled to injunctive relief.  *See* 6 Del. Code Ann. § 3313.

## COUNT EIGHT
### (Breach of Contract)

86.     Tire Pros incorporates the allegations contained in paragraphs 1 through 85 as if fully restated herein.

87.     Tire Pros and Defendant entered into the enforceable, written License Agreement. *See* **Exhibit G**.

88.     Defendant has blatantly and willfully breached the License Agreement by continuing to use the Tire Pros' trade name, service marks, trademarks, logos, emblems, and indicia of origin, including the TIRE PROS® Marks, after termination of the License Agreement.

89.     Defendant has ignored Tire Pros' notice to Defendant of its breach of the License Agreement and Tire Pros' demands that Defendant cease all use of the TIRE PROS® Marks.

90.     As a result of this breach, Tire Pros has been and continues to be damaged in an amount to be proven at trial, including interest, costs, and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Tire Pros respectfully prays for:

91.     A judgment in favor of Tire Pros on all counts of the Complaint;

92.     An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the TIRE PROS® Marks or using any other mark similar to or likely to cause confusion with the TIRE PROS® Marks; from passing off Defendant's services as being associated with and or sponsored or affiliated with Tire Pros; from committing any other unfair business practices tarnishing the TIRE PROS® Marks; from using or registering any name with any secretary of state or other agency that incorporates "Tire Pro" or any variant of the TIRE PROS® Marks; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Tire Pros;

93.     An order granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or associated, affiliated, or otherwise connected with Tire Pros or constitute or are connected with Tire Pros' services, including without limitation removal of any listing on the Internet or in social media for the Defendant;

94.     An order directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays, web sites, social media

accounts, telephone directories and any and all other materials that feature or bear any designation or mark incorporating the TIRE PROS® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the TIRE PROS® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the TIRE PROS® Marks, and to immediately remove them from public access and view;

95.    An order directing that Defendant recall and deliver up to Tire Pros for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the TIRE PROS® Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the TIRE PROS® Marks;

96.    An order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Tire Pros' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

97.    Actual damages suffered by Tire Pros as a result of Defendant's unlawful conduct, including a sum up to three times such amount, according to the circumstances of this case, including pursuant to 15 U.S.C. § 1117(a);

98.    Reasonable funds to be calculated for future corrective advertising;

99.   An order directing that Defendant account to and pay over to Tire Pros all profits realized by its wrongful acts, including pursuant to 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Tire Pros for the compensatory damages caused thereby;

100.   An award of Tire Pros' reasonable attorney fees and costs, including pursuant to 15 U.S.C. § 1117(a);

101.   An award of interest to Tire Pros, including pre-judgment and post-judgment interest, on the foregoing sums; and

102.   Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

103.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Tire Pros respectfully requests a trial by jury of all issues properly triable by jury.

Respectfully submitted,

/s/ James H. S. Levine
James H. S. Levine (Del. Bar No. 5355)

Of Counsel:

Michael D. Hobbs Jr.
TROUTMAN PEPPER
        HAMILTON SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216
Tel: (404) 885-3000
michael.hobbs@troutman.com

Brooke R. Watson
TROUTMAN PEPPER
        HAMILTON SANDERS LLP
301 S. College Street
34th Floor
Charlotte, NC 28202
Tel: (704) 998-4050
brooke.watson@troutman.com

TROUTMAN PEPPER
        HAMILTON SANDERS LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19801
Tel.: (302) 777-6500
james.levine@troutman.com

*Attorneys for Plaintiff Tire Pros Francorp, LLC*

Dated: August 14, 2024

- 28 -