IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIRE PROS FRANCORP, LLC,
a California limited liability company,

    Plaintiff,

v.

DIAMOND TOWN TIRE PROS & AUTO
CARE, LLC,
a Delaware limited liability company,

    Defendant.

C.A. No. 1:24-cv-00944-RGA

## [~~PROPOSED~~] DEFAULT JUDGMENT

Upon consideration of Plaintiff Tire Pros Francorp, LLC's ("Tire Pros") Motion for Default Judgment and Defendant Diamond Town Tire Pros & Auto Care, LLC's ("Defendant") failure to appear, plead or otherwise defend itself, and the default of Defendant having already been entered (D.I. 10), it is hereby **ORDERED** that Tire Pros' motion for default judgment (D.I. 13) is **GRANTED**, as follows:

    1.    By virtue of Defendant's default and the pleadings and other evidence before the Court, and pursuant to Fed. R. Civ. P. 55(b)(2), judgment is **ENTERED** in favor of Tire Pros against Defendant on all the claims Tire Pros asserts in the Complaint (D.I. 1) including: federal trademark infringement under 15 U.S.C. § 1114(1)(a) (Count 1); federal unfair competition and false advertising under 15 U.S.C. § 1125(a) (Count 2); federal false designation of origin and passing off under 15 U.S.C. § 1125(a) (Count 3); federal trademark dilution under 15 U.S.C. § 1125(c) (Count 4); common law trademark and trade name infringement (Count 5); unfair competition under 6 Del. Code Ann. §§ 2531 *et seq.* (Count 6); trademark dilution under 6 Del. Code Ann. § 3313 (Count 7); and breach of contract (Count 8).

2. By virtue of Defendant's default and the pleadings and other evidence before the Court, and pursuant to 15 U.S.C. § 1116(a) and Fed. R. Civ. P. 65, the Court permanently restrains and enjoins Defendant and its officers, directors, managers, members, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities:

   a. Infringing the TIRE PROS® Marks or using any other mark similar to or likely to cause confusion with the TIRE PROS® Marks;

   b. Passing off Defendant's services as being associated with and/or sponsored or affiliated with Tire Pros;

   c. Committing any unfair business practices tarnishing the TIRE PROS® Marks;

   d. Using or registering any name with any secretary of state or other agency that incorporates "Tire Pros" or any variant of the TIRE PROS® Marks;

   e. Committing any unfair business practices directed toward devaluing or diminishing the brand or business of Tire Pros; and

   f. Making any implied or express statements that are likely to give consumers the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, associated, affiliated, or otherwise connected with Tire Pros or Tire Pros' services.

3. Immediately after entry of this Order, Defendant shall (i) cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and

all packaging, labels, catalogs, containers, advertisements, signs, displays, web sites, social media accounts, telephone directories and any and all other materials that feature or bear any designation or mark incorporating the TIRE PROS® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof; and (ii) direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the TIRE PROS® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the TIRE PROS® Marks, and to immediately remove them from public access and view.

4. Within ten (10) days after the entry of this Order, Defendant shall:

a. Recall and deliver up to Tire Pros for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the TIRE PROS® Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the TIRE PROS® Marks; and

b. Provide a copy of this Order to each of its officers, directors, managers, members, agents, servants, employees, affiliates, attorneys, and all persons in active concert or participation with it.

5. Within thirty (30) days after the entry of this Order, Defendant shall file with the Court and serve on Tire Pros' counsel a report in writing under oath, setting forth in detail the manner in which Defendant has complied with this Order.

6.  Pursuant to 15 U.S.C § 1117(a), and subject to the principles of equity, judgment is also **ENTERED** in favor of Tire Pros and against Defendant in the amount of $29,167.75 to compensate Tire Pros for its reasonable attorneys' fees incurred in enforcing its trademark rights attributable to the acts complained of in the Complaint.

Date: February 3, 2025

_____
Richard G. Andrews
United States District Judge